IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. Massey, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 0:23-cv-00734-TLW-SVH |
| vs. ) | |
| ) | |
| Emma Orr; Shannon Hutson; ) | |
| Diana Brown; Matthew Hogge; ) | **ORDER** |
| City of Rock Hill; ) | |
| Rock Hill Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John K. Massey, Jr., a state inmate who is proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the above-named defendants. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 15. In the Report, the magistrate judge recommends that Defendant Matthew Hogge be summarily dismissed from this action. Plaintiff has filed objections to the Report. ECF No. 19. Accordingly, this matter is ripe for review.

Plaintiff brings this action pursuant to § 1983. ECF No. 1. As relates to Hogge, Plaintiff alleges that Hogge, as the state solicitor prosecuting him, defrauded the court during Plaintiff's preliminary hearing in his state criminal court case. ECF No. 1 at 5. Plaintiff claims that Hogge is a "vindictive prosecutor

with angst against [Plaintiff] from a previous history." *Id.* at 6.

Upon receipt of the complaint, the magistrate judge reviewed Plaintiff's allegations in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), which allows the Court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. ECF No. 15 at 2. As noted in the Report, frivolity includes "[a] claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B)." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In reviewing Plaintiff's complaint, the magistrate judge found Plaintiff's claims against Hogge to be based on a meritless legal theory because "Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings." *Id.* at 3 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000)). Accordingly, because Plaintiff's claims relate to Hogge's actions in connection with judicial proceedings, the magistrate judge recommends that they be dismissed, since they are barred by prosecutorial immunity. *Id.*

Plaintiff timely filed objections to the Report wherein he notes that he has sued Hogge in his individual capacity as well, which he posits is an end-around prosecutorial immunity. ECF No. 19 at 2. Further, he argues that prosecutors are not "completely immune" because plaintiffs can bring claims for the tort of malicious prosecution. *Id.*

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the authorities cited therein, Plaintiff's objections, and other relevant filings. Plaintiff does not cite any authority in support of his objections. "A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). After careful consideration, the Court concludes that Plaintiff's objections are repetitive and offer no showing, either factually or legally, that Defendants' motion for summary judgment should not be granted. Therefore,

**IT IS ORDERED** that the Report, ECF No. 15, is **ACCEPTED**, and Plaintiff's objections, ECF No. 19, are **OVERRULED**. For the reasons stated in the Report, Defendant Hogge is **DISMISSED** from this action.

    **IT IS SO ORDERED**.

                                                      *s/Terry L. Wooten*  
                                                      Senior United States District Judge

May 30, 2023  
Columbia, South Carolina