IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. Massey, Jr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Emma Orr; Shannon Hutson; )<br>Diana Brown; Matthew Hogge; )<br>City of Rock Hill; )<br>Rock Hill Police Department, )<br>)<br>Defendants. )<br>_____ ) | No.: 0:23-cv-00734-TLW-SVH<br><br>**ORDER** |

Plaintiff John K. Massey, Jr., a state inmate who is proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the above-named defendants. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 41. In the Report, the magistrate judge recommends that this Court grant Defendants' motion to stay, ECF No. 38, and stay this case until resolution of Plaintiff's underlying state criminal charges.[1] *Id.* at 5. Plaintiff has not filed objections to the Report and the deadline for doing so has now expired. Accordingly, this matter is ripe for review.

This § 1983 action arises out of Plaintiff's underlying arrest on state criminal

---

[1] The Report also addressed Plaintiff's motion for entry of default, ECF No. 36, and Defendants' motion for extension of time to complete discovery, ECF No. 38. Those motions are not before this Court.

Page **1** of **4**

charges ECF No. 1. Specifically, Plaintiff was arrested on October 2, 2022, for burglary second degree and criminal conspiracy by two of the named-defendant officers. ECF No. 41 at 2. The arrests were made pursuant to previously issued state warrants. *Id.* In his complaint, Plaintiff asserts that the arresting officers "gave false affidavits and statements in their warrants and reports 'in an attempt to cover up Plaintiff's violation of his civil rights.'" *Id.* at 2–3 (quoting ECF No. 1 at 5).

Because this case relates to Plaintiff's pending state prosecution on criminal charges for civil conspiracy and burglary, Defendants moved to stay Plaintiff's federal § 1983 action. ECF No. 37. In their motion to stay, Defendants asserted that "[t]here is a significant overlap between [Plaintiff's] pending state charges and this [federal] civil proceeding such that resolution . . . would require the adjudication of any federal constitutional issues that are also implicated or involved in the pending [state] criminal action." *Id.* at 1. Plaintiff did not oppose Defendants' request for a stay.

In her Report, the magistrate judge recommends that this Court grant Plaintiff's motion to stay. ECF No. 41 at 5. She concludes that a stay is appropriate in this action based on the Supreme Court of the United States' holding in *Wallace v. Kato*, which concluded that a stay is appropriate in a § 1983 case arising out of a "pre-conviction setting" where:

> a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed

civil suit would impugn that conviction, [*Heck v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 3 (quoting *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007)). In applying *Wallace* to the facts of Plaintiff's case, the magistrate judge concludes that Plaintiff is impermissibly "asking the federal court to make determinations identical to the determinations that must also be made in the state court, i.e., whether his arrest was valid and whether he is guilty of the criminal charges pending against him." *Id.* at 4. Accordingly, based on *Wallace*, she recommends granting Defendants' motion to stay and staying this case until the resolution of Plaintiff's pending criminal charges. *Id.* She further recommends that, should the Court accept her recommendation to stay the case, Plaintiff be ordered to both apprise the Court of the status of his criminal proceedings every six months and notify the Court when the criminal charges are resolved, so that the stay can be lifted. *Id.* at 5. As noted, Plaintiff did not file objections. The deadline for doing so has now expired.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 41, is **ACCEPTED**. Defendants' motion to

stay, ECF No. 37, is **GRANTED**. This case is now **STAYED** pending the resolution of Plaintiff's underlying state criminal charges. As outlined in the Report, Plaintiff is **ORDERED** to apprise the Court of the status of his state criminal proceedings every six months and promptly notify the Court when they are resolved.

    **IT IS SO ORDERED**.

                                                    <u>*s/Terry L. Wooten*</u>
                                                    Senior United States District Judge

August 29, 2023
Columbia, South Carolina