IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John K. Massey, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Emma Orr; Shannon Hutson; Diana Brown; City of Rock Hill; and Rock Hill Police Department, <br><br> Defendants. | C/A No. 0:23-734-CMC <br><br><br> **ORDER** |

John K. Massey, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 and state law against Emma Orr, Shannon Hutson, Diana Brown, City of Rock Hill, and Rock Hill Police Department (collectively "Defendants") alleging false arrest, false imprisonment, and malicious prosecution. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

This matter is before the court on motion for summary judgment by Defendants Orr, Hutson, City of Rock Hill, and Rock Hill Police Department. ECF No. 82. Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and the need to file an adequate response. ECF No. 83. Plaintiff filed a response in opposition. ECF No. 94. Defendants filed a reply. ECF No. 107. Plaintiff was granted leave to file a sur-reply, which was filed on May 5, 2025. ECF No. 112.

On May 14, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Defendants' motion for summary judgment be granted. ECF No. 113. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report, and Defendants filed a reply. ECF Nos. 116, 117. On June 30, 2025, Plaintiff filed a motion to enlarge time to file a sur-reply, and attached his sur-reply to Defendants' reply. ECF No. 119. This matter is ripe for the court's review.

## I.     Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court is only required to review for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Background

On September 28, 2022, Rock Hill Police Department responded to an alarm at the Family Dollar store on Main Street in Rock Hill. When officers arrived at the Family Dollar, the burglar(s) had left the scene. Officer Orr was en route to the Family Dollar when she observed two

2

individuals, a man and a woman, on bicycles riding away from the location. ECF No. 82-3 at ¶¶ 6-7. Given the proximity to the burglary location, Orr turned around and initiated a consensual encounter with the two individuals. The man fled, but the female, who identified herself as Diana Brown, stopped. Brown gave officers consent to search her backpack, and items found in it were confirmed to be missing from the Family Dollar. *Id.* at ¶¶ 9-12. Brown initially denied involvement in the burglary, but eventually admitted she was with "John Massey," who broke into the Family Dollar and brought items back to Brown to put in her backpack. Brown identified the street Plaintiff lived on and stated he used a "steel thing" to break the door at the Family Dollar. *Id.* at ¶¶ 14-16.

After Brown's identification of Plaintiff, Officer Orr conducted a name search in her patrol vehicle through the Zurcher database, and Plaintiff's photo appeared. Based on the photo and information from Brown, Orr advised she was able to identify Plaintiff as the man on the bicycle who fled when she tried to speak with him. ECF Nos. 82-2 at 1; 82-3 at ¶¶ 18-19.

Orr relayed her observations and Brown's statements to Officer Maldanado, who swore affidavits for arrest warrants for Plaintiff for burglary and civil conspiracy. ECF No. 82-6. Plaintiff was later arrested after a traffic stop. A preliminary hearing was held, where probable cause was found for the charges against Plaintiff for this incident. See ECF No. 82-7 at ¶ 10. The York County Grand Jury returned an indictment against Plaintiff for second degree burglary. ECF No. 82-8. Plaintiff pled guilty to grand larceny from a separate incident, and the burglary charge was *nolle prossed*. ECF No. 82-9

### III.     Discussion

The Magistrate Judge recommends granting Defendants' motion for summary judgment. ECF No. 113. The Report finds Plaintiff's Fourth Amendment rights were not violated, as the

3

warrants for his arrest for burglary and civil conspiracy were supported by probable cause, and Defendant Orr is entitled to qualified immunity. *Id.* at 20. The Report also recommends dismissal of Plaintiff's state-law claims for malicious prosecution, false arrest, and negligence-based claims, as all rest on the argument the officers lacked probable cause to arrest him. *Id.* at 22. Finally, the Magistrate Judge notes any claims against Defendant Brown should be dismissed, as there was probable cause for Plaintiff's arrest. *Id.* at 22 n.17.

Plaintiff objects to the Report. ECF No. 116. He provides his version of the facts, and sets forth 11 objections to the Report. He contends the Magistrate Judge erred in her evaluation of the following: merits of all his claims; Orr's identification of Plaintiff; Brown's credibility; not considering Plaintiff's rebuttals as the non-moving party; qualified immunity; state court claims; malicious prosecution claim; intoxication of Brown; dismissal of defendant Hutson; dismissal of defendant Brown; and negligence claim against the City of Rock Hill for failure to investigate. *Id.* at 17-18. Plaintiff submits no reasonable officer would believe he should be charged based upon the information in law enforcement's possession at the time of the arrest. Orr's observation of the suspect and Brown's statement contain credibility issues, which Plaintiff argues cannot be resolved on summary judgment. He explains why the identifications by Brown and Orr were flawed.

Defendants Orr, Hutson, City of Rock Hill, and Rock Hill Police Department filed one reply to Plaintiff's objections. ECF No. 117. They argue Brown's identification of Plaintiff was not suggested by the officers and there was an independent basis to establish its reliability. In addition, they contend Plaintiff offers no evidence Orr was lying regarding the identification and his arguments to the contrary are baseless and unsupported by evidence. Defendants assert probable cause existed for Plaintiff's burglary and civil conspiracy charges, and Plaintiff did not receive a favorable termination as the charges were dismissed as part of a plea agreement to a

separate incident of grand larceny. They distinguish the case Plaintiff cites for support. Finally, they note this case

> rises and falls with the existence of probable cause for [Plaintiff's] arrest and charges. If probable cause exists, summary judgment must be granted in favor of these Defendants for all of his claims. The record here is clear, probable cause existed as a matter of law. The Plaintiff's arrest was pursuant to a valid arrest warrant, which establishes prima facie existence of probable cause. Probable cause was found at his preliminary hearing. Subsequently, a grand jury returned a true-billed indictment, further establishing probable cause as a matter of law.

*Id.* at 9-10.

Plaintiff filed a sur-reply. ECF No. 119-1. Although he notes Defendants' reply "require[s] a response as a matter of law," ECF No. 119 at 2, the court notes there is no right to file a sur-reply to objections. However, out of an abundance of caution, the court will consider the sur-reply. In it, Plaintiff argues he has submitted "ample evidence" to survive summary judgment. ECF No. 119-1 at 2. He discusses the favorable termination requirement of a malicious prosecution claim and, apparently for the first time, contends his guilty pleas were made under duress and he was coerced. *Id.* at 3. Second, he asserts he has submitted evidence showing Defendants did not believe Brown at the scene when she identified Plaintiff, and contends there is time missing from body camera footage. He also submits Orr could not have identified him riding the bicycle, as she only saw him for one second from 15-20 yards away in the dark. He attacks the reliability of the camera footage. *Id.* at 6.

The court agrees with Defendants regarding the state of the law. As set forth in the Report, a § 1983 malicious prosecution claim, as well as Plaintiff's state law claims, require seizure of the plaintiff pursuant to legal process unsupported by probable cause. ECF No. 113 at 14. Plaintiff is required to show defendants deliberately, or with reckless disregard for the truth, made material,

5

false statements or omitted material facts so as to make the affidavits for the warrants misleading, either with intent or recklessness. *Id.*

Here, probable cause was established by Brown's identification of Plaintiff's name and Orr's confirmation of her observation of Plaintiff riding on bicycles with Brown away from the robbery location. Certainty as to Plaintiff's identity is not required before a warrant is sought.

None of Plaintiff's objections change this analysis. Although he argues credibility issues cannot be resolved on summary judgment, probable cause "may be decided as a matter of law when the evidence yields but one conclusion." *Law v. South Carolina Dept. of Corr.*, 629 S.E.2d 642, 649 (S.C. 2006). "Probable cause requires more than mere suspicion of wrongdoing, but requires much less evidence than needed to convict." *Green v. Watson*, No. C.A. 807-01832-RBH, 2008 WL 3318872, at *5 (D.S.C. Aug. 6, 2008). Accordingly, Plaintiff's objections are overruled.

The court finds probable cause existed for Plaintiff's arrest. There is no evidence the representations in the affidavits, that law enforcement had identified the defendant through observation and witness statements, were made with reckless disregard for the truth or omitted material facts. Moreover, the York County Grand Jury returned an indictment charging Plaintiff with burglary. ECF No. 82-8. "A true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution." *Law*, 629 S.E.2d at 649.

Existence of probable cause defeats Plaintiff's Fourth Amendment claim pursuant to § 1983. The court also agrees Defendant Orr is entitled to qualified immunity because she did not violate Plaintiff's Fourth Amendment rights. Finally, Plaintiff's remaining claims all rest on the premise officers lacked probable cause, and fail accordingly.

Defendant Brown has not responded to the lawsuit, and the Clerk has entered default against her. ECF No. 43. Upon entry of default, a party is deemed to have admitted all well-pleaded

allegations of fact contained in the complaint. *J&J Sports Productions, Inc., v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D. N.C. 2012). However, the defendant is not deemed to have admitted conclusions of law, and the entry of default is not treated as an absolute confession of liability. *Id.* The court must determine whether the well-pleaded allegations in the complaint support the relief sought. *Id.*

Plaintiff brings this action against Defendant Brown "in her individual capacity" under § 1983. ECF No. 1 at 1. His Complaint contends Brown "violated plaintiff's 4th amendment civil right" by giving false statements that led to his arrest. *Id.* at 18. He alleges if Brown had not made the false statement identifying him, he would not have been arrested. He seeks "compensation and punitive damages." *Id.*

"Merely private conduct, no matter how discriminatory or wrongful," is excluded from the reach of § 1983 and constitutional claims. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). A private party may be liable under § 1983 only when the party participates with a state actor in a conspiracy to violate another's constitutional rights, *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 930-31 (1982), or where there exists an interdependence or "symbiosis" between the private and the state actors. *Jackson v. Pantazes*, 810 F.2d 426, 430 (4th. Cir. 1987). A private party's "mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law." *Ballock v. Costlow*, 430 F. Supp. 3d 146, 168 (N.D.W.Va. 2019).

The court finds Brown has not violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure. She is an individual citizen, not an officer or other state actor. Further, she was not in a conspiracy to violate Plaintiff's constitutional right and there was no interdependence between her and the officers. She merely furnished information to police officers. Plaintiff's

allegations she lied to officers, even if true, do not elevate her conduct to the level of symbiosis or conspiracy with state actors. Accordingly, the court finds as a matter of law Defendant Brown cannot be held liable under § 1983 for this alleged Fourth Amendment violation. The claim against her is dismissed with prejudice.

## IV.     CONCLUSION

Having conducted a *de novo* review of the Report and underlying motion and related memoranda, and having fully considered Plaintiff's objections, the court adopts the Report and incorporates it into this order as supplemented above. Defendants' motion for summary judgment (ECF No. 82) is granted, and the claims against Defendant Brown fail as a matter of law. This matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina  
July 8, 2025